83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Bruce NEAL, Defendant-Appellant.
 No. 95-10157.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 12, 1996.
Decided April 12, 1996.
 
 Before: REINHARDT, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 ORDER
 
 1
 Defendant Albert Bruce Neal contends that the police search of his car cannot be justified as a search incident to arrest because he had already voluntarily exited his car before the police officers initiated any contact with him. Rather than resolve a difficult constitutional question about the permissible scope of a search incident to arrest, see United States v. Strahan, 984 F.2d 155 (6th Cir.1993); United States v. Fafowara, 865 F.2d 360 (D.C.Cir.1989), a question that might not even be raised by this case, we remand this case to the district court for a factual determination whether Neal voluntarily exited the car prior to any contact with the police, as he claims in his affidavit or whether, as the officer asserted in his testimony, the officer had turned on his lights and sirens prior to the entry of Neal's car into the parking lot, thus signaling Neal to pull over.
 
 
 2
 The government also argues that the search should be upheld on the alternative basis, not reached by the district court, that it constitutes a valid inventory search. We decline to do so because the district court did not make the factual findings necessary to show that this search was a proper inventory search. Specifically, the judge did not determine whether the officers violated departmental policy by towing the car without asking Neal if he wanted it locked and left where it was. Nor did the judge determine whether the departmental policy permitted the officers to pry open a locked box. Finally, the judge did not determine whether the officers were conducting a legitimate inventory search or using the inventory search "rationale" as a pretext for conducting an investigatory search.
 
 
 3
 In the interest of efficiency, we will consider the sentencing issue at this point, even though our determination has no final force at this time. Neal argues that the district court violated his Fifth Amendment right against self-incrimination by declaring him ineligible for sentencing under the safety valve legislation, 18 U.S.C. § 3553(f), because he refused to discuss conduct for which he had not been convicted. We reject this argument. Neal did not qualify for the safety valve because he refused to meet with the prosecution and discuss any of his actions, including the acts for which he was convicted. He relied solely on a brief written statement he submitted to his probation officer. We hold that at a minimum, the safety valve legislation requires a defendant to actually meet with a representative of the prosecution, upon request, and afford that representative a chance to question him.
 
 
 4
 Remanded for a period of 60 days for the limited purpose of permitting the district court to make the determination described in the first paragraph of this disposition.